NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**, | Case No. 2:15-cv-01558-SJO-FFMx |
| Plaintiff, | |
| v. | |
| **Roosevelt Hotel, LLC**, a California Limited Liability Company; and Does 1-10, | ORDER [~~proposed~~] |
| Defendants | |

Having read the Stipulated Protective Order entered into by the parties, and for good cause shown, this Court hereby grants the Protective Order, including the following terms:

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").

2. The following categories of information are covered under this Order:

(a) Financial information: the financial information of the parties, including, but not limited to, profit and loss statements, federal tax returns, financial audits, bank statements, income and expense sheets, rent receipts and business loan documents, and any other such financial documents relevant to the claims and defenses in this case. Protection is required for this category of documents so as to protect the financial privacy of the parties. Court order is required for the protection of the information rather than a private agreement between the parties because of the sensitivity of such information.

3. Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

4. By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g). Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

5. Testimony taken at a deposition, ~~conference, hearing, or trial~~ **(FFM)** may be designated as confidential by making a statement to that effect on the record at the deposition ~~or other proceeding~~. **(FFM)** Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

6. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

7. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a) A party, or an officer, director, or employee;

    (b) Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (c) Court reporter(s) employed in this action;

    (d) A witness at any deposition or other proceeding in this action; and

    (e) Any other person as to whom the parties in writing agree.

8. Depositions shall be taken only in the presence of qualified persons.

9. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL-- ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the

Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

10. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

11. Documents that are the subject of a protective order may be filed under seal only if a sealing order is first obtained in compliance with L.R. 79-5.

12. In the event that any Confidential Material is used in any court proceeding in this action, ~~it shall not lose its confidential status through such use, and~~ **(FFM)** the party using such shall take all reasonable steps to maintain its confidentiality during such use.

13. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

14. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings

pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

15. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

16. **If a party to whom Confidential Material or Attorney's Eyes Only Material has been produced is subpoenaed or ordered by another court or administrative agency to produce information that is subject to this protective order, such party shall notify promptly the party who produced the material of the pending subpoena or order.  It is the producing party's responsibility to take whatever action it deems appropriate to challenge the subpoena or order in the issuing court or agency.  The party subject to the subpoena or order shall not produce any Confidential Material or Attorney's Eyes Only Material in advance of the date required by the subpoena or order.  Nothing herein shall be construed as relieving anyone subject to this order from any obligation to comply with a validly issued subpoena or order. (FFM)**

IT IS SO ORDERED.

Dated:  July 23, 2015           /S/ FREDERICK F. MUMM
                                HON. FREDERICK F. MUMM
                                United States Magistrate Judge